IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| METRIS U.S.A., INC., METRIS N.V., METRIS IPR N.V., and 3-D SCANNERS LTD.<br>　　　　　Plaintiffs,<br>v.<br>FARO TECHNOLOGIES INCORPORATED,<br>　　　　　Defendant. | Civil Action No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Metris U.S.A., Inc., Metris N.V., Metris IPR N.V. and 3-D Scanners Ltd. (collectively "Metris"), by its attorneys, for its Complaint against Faro Technologies Incorporated ("Defendant") alleges as follows:

### NATURE OF THE ACTION

1.  This is an action by Metris for infringement of U.S. Patent Nos. 6,611,617, entitled "Scanning Apparatus and Method" ("the '617 patent"); and 7,313,264 entitled "Scanning Apparatus and Method" ("the '264 patent"); copies of the two asserted U.S. Patents are attached as Exhibits A and B. Metris reserves the right to add other patents that are infringed as it becomes aware of such infringements. Metris is the owner of all right, title and interest in the '617 and '264 patents.

### PARTIES

2.  Metris NV and Metris IPR NV are corporations organized and existing under the laws of Belgium having a principal place of business at Interleuvenlaan 86, 3001 Leuven,

1

Belgium. Metris U.S.A. Inc. is a Michigan corporation having a principal place of business in Manassas, Virginia. 3-D Scanners Ltd is a business organized and existing under the laws of the United Kingdom. Metris is engaged in, among other things, the manufacture and sale of metrology systems and instrumentation.

3. On information and belief, Defendant is a corporation organized and existing under the laws of Florida and having a principal place of business at 125 Technology Park, Lake Mary, Florida 32746.

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

### Personal Jurisdiction and Venue

5. Upon information and belief, this Court has personal jurisdiction over Defendant, and Defendant comes within the scope of the Massachusetts long-arm statute, G.L. ch. 223A for at least the following reasons:

> a. Defendant is transacting business within the Commonwealth of Massachusetts; and
>
> b. Defendant is contracting to supply services or things in the Commonwealth of Massachusetts; and
>
> c. The acts of causing tortious injury by an act or omission in this Commonwealth, including acts of infringement which are in part the subject matter of this Complaint occurred, and on information and belief, will continue to occur, within the Commonwealth of Massachusetts.

6. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I

### (Patent Infringement, U.S. Patent No. 6,611,617)

7. Metris repeats and realleges, as if set forth in full, Paragraphs 1 through 6 of this Complaint.

8. This is a claim for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

9. Defendant is infringing the '617 patent in this judicial district and elsewhere, in connection with its activities pertaining providing certain devices and services for measuring three dimensional objects and surfaces, including Defendant's Laser ScanArm products (See e.g. Exhibit C, attached). Metris is the exclusive owner of all right, title and interest in and to the '617 patent. A copy of the '617 patent, attached as Exhibit A, is incorporated herein by reference.

10. Unless enjoined by the Court, Defendant will continue to infringe the '617 patent of Metris.

11. Defendant has received constructive notice of the '617 patent in that Metris and its predecessor, 3-D Scanners Ltd., marked their relevant products with the required statutory notice per 35 U.S.C. § 287(a).

12. Metris alleges that Defendant has received actual notice of the '617 patent as it has purchased product marked with the '617 patent number from Metris or its predecessor 3-D Scanners, Ltd.

13. Metris is informed and believes, and so alleges, that Defendant's infringement is willful and intentional as Faro had notice of the '617 patent. Accordingly this case is an exceptional case under 35 U.S.C. § 285.

14. As a direct and proximate result of Defendant's conduct, Metris has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. Metris has also been damaged, and, until an injunction issues, will continue to be damaged in its business and reputation in an amount yet to be determined. Moreover, the willful and deliberate nature of Defendant's infringement renders this an exceptional case, and thus Metris is further entitled to treble damages, as well as its actual attorneys' fees and litigation costs.

## COUNT II

### (Patent Infringement U.S. Patent No. 7,313,264)

15. Metris repeats and realleges, as if set forth in full, Paragraphs 1 through 14 of this Complaint.

16. This is a claim for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

17. Defendant is infringing the '264 patent in this judicial district and elsewhere, in connection with its activities pertaining providing certain devices and services for measuring three dimensional objects and surfaces, including Defendant's Laser ScanArm products (See e.g. Exhibit C, attached). Metris is the exclusive owner of all right, title and interest in and to the '264 patent. A copy of the '264 patent, attached as Exhibit B, is incorporated herein by reference.

18. Unless enjoined by the Court, Defendant will continue to infringe the '264 patent of Metris.

19. As a direct and proximate result of Defendant's conduct, Metris has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. Metris has also been damaged, and, until an injunction issues, will continue to be damaged in its business and reputation in an amount yet to be determined. Moreover, should the infringement of Defendant continue, the willful and deliberate nature of Defendant's infringement will render this an exceptional case, and thus Metris is further entitled to treble damages, as well as its actual attorneys' fees and litigation costs.

## **PRAYERS FOR RELIEF**

WHEREFORE, Metris prays for judgment against Defendant as follows:

1. For a judicial determination and declaration that the '617 patent is valid and enforceable;

2. For a judicial determination and declaration that the '617 patent is infringed by the Defendant's Laser ScanArm, and such other products of Defendant as may infringe;

3. For a judicial determination and declaration that Defendant's infringement of either or all of the '617 and '264 patents is willful;

4. For a judicial determination and declaration that the '264 patent is valid and enforceable;

5. For a judicial determination and declaration that the '264 patent is infringed by the Defendant's Laser ScanArm, and such other products of Defendant as may infringe.

6. For an order preliminary and permanently enjoining Defendant, its officers, directors, shareholders, agents, servants, employees and attorneys, and all entities and individuals acting in concert with them or on their behalf, from infringing the '617 and '264 patents;

7. For damages according to proof, trebled;

8. For an Order that Defendant account for and pay over to Metris all profits obtained by Defendant as a result of its infringement and as a result of its manufacture, use, importation, exportation or sale of technology disclosed or claimed in the '617 and '264 patents;

9. For an assessment and award of pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

10. For an Order declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Metris' attorneys' fees and litigation costs; and

11. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Metris hereby demands a jury trial on all issues so triable.

Dated: July 11, 2008

*[signature]*

Merton E. Thompson BBO# 637056
mthompson@burnslev.com
Howard J. Susser BBO# 636183
hsusser@burnslev.com
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000